```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:05-00024

**KEVIN STATTS**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On January 23, 2019, the United States of America appeared by J. Matthew Davis, Assistant United States Attorney, and the defendant, Kevin Statts, appeared in person and by his counsel, Rhett H. Johnson, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of supervised release submitted by United States Probation Officer Patrick M. Fidler.  The defendant commenced a six-year term of supervised release in this action on June 11, 2015, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on August 19, 2005.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant committed the state offenses of negligent homicide and driving under the influence on March 12, 2017, as evidenced by his guilty plea to each offense on October 15, 2018, in the Circuit Court of Kanawha County, West Virginia, for which he received a sentence of twelve months and six months, respectively, to run consecutively, for a total of 18 months, the defendant having engaged in conduct including that of driving a motor vehicle while under the influence of alcohol, a serum toxicology test having measured his blood alcohol content to be .116, at which time he caused a fatal car accident; and (2) the defendant failed to abide by the special condition that he abstain from the use of alcohol as evidenced by the defendant's conduct set forth above; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate

**the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.**

**And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and the defendant having engaged in a breach of the special condition imposed upon him ten months prior to the offenses, noted next below, that he abstain from the use of alcohol, and the defendant having breached the standard condition that he not violate state law by virtue of his conviction of negligent homicide and driving under the influence, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE (12) MONTHS on each of Counts Two and Six, to run consecutively, for a total imprisonment term of TWENTY-FOUR (24) MONTHS, to be followed by a term of five (5) years supervised release on Count Two, and a term of four (4) years supervised release on Count Six, to run concurrently, for a total**

supervised release term of five (5) years, upon all of the same terms and conditions of supervised release as heretofore imposed upon him and the special conditions set forth below.

The defendant shall participate in medical care during the first six months of supervised release in the form of substance abuse/alcohol counseling and treatment, consisting of group and individual counseling sessions as directed by the probation officer.

The defendant shall not operate a motor vehicle unless lawfully authorized to do so.

The defendant shall participate in random drug/alcohol screening at the rate of no less than once every two weeks.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>:  The court recommends that the defendant be designated to an institution as close to Charleston, West Virginia, as feasible, preferably Ashland.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: May 17, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge